UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Michael J. McKellar

   v.                                      Civil No. 12-cv-473-PB

Loveland Trucking Co., Inc.


## REPORT AND RECOMMENDATION


Michael McKellar filed a complaint (doc. no. 1) seeking damages for unspecified injuries sustained in a hit and run accident.  Because McKellar is proceeding pro se and in forma pauperis, the matter is before this magistrate judge for preliminary review to determine, among other things, whether this court has subject matter jurisdiction over the action.  See 28 U.S.C. § 1915(a)(2); United States District Court District of New Hampshire Local rule ("LR") 4.3(d)(1)(B); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").


### Standard for Preliminary Review

Pursuant to LR 4.3(d)(1)(B) and 28 U.S.C. § 1915(e)(2), the magistrate judge conducts a preliminary review of pro se in forma pauperis complaints before defendants have an opportunity

to respond to the claims.  The magistrate judge may direct
service of the complaint, or, as appropriate, recommend to the
district judge that one or more claims be dismissed if: the
court lacks subject matter jurisdiction, a defendant is immune
from the relief sought, the complaint fails to state a claim
upon which relief may be granted, the allegation of poverty is
untrue, or the action is frivolous or malicious.  See 28 U.S.C.
§ 1915(e)(2); LR 4.3(d)(1)(B).

**Discussion**

I.    Background

     McKellar, in this action, seeks damages for injuries he
alleges he suffered in a hit and run accident.  McKellar claims
that while riding his bicycle he was hit by a truck owned by the
defendant, Loveland Trucking Company, Inc., and that the driver
of the truck failed to stop immediately after the collision.

II.   Subject Matter Jurisdiction

     "Federal courts are courts of limited jurisdiction."
Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 376
(1994).  This court is presumed to lack jurisdiction, and the
burden to demonstrate otherwise rests on the plaintiff.  See
id.; Milford-Bennington R.R. Co. v. Pan Am Rys., Inc., 695 F.3d

175, 178 (1st Cir. 2012).  "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."  Hertz Corp. v. Friend, 559 U.S. 77, ___, 130 S. Ct. 1181, 1193 (2010).

McKellar's cause of action for his claims is state tort law.  To establish that this court has subject matter jurisdiction over this case, McKellar must allege that the parties are citizens of different states, and that the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  McKellar states that he is a citizen of New Hampshire, and that the defendant trucking company is also located in New Hampshire.  McKellar has thus failed to allege diversity of citizenship of the parties. Therefore, McKellar cannot invoke the diversity jurisdiction of this court.  See 28 U.S.C. § 1332.  Because the allegations give rise to no other grounds upon which this court may exercise jurisdiction, the case should be dismissed.

### Conclusion

For the foregoing reasons, the court recommends that this action be dismissed for lack of subject matter jurisdiction. The dismissal should be without prejudice to McKellar asserting his claims in a state court action.

Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. <u>See</u> Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. <u>See</u> <u>United States v. De Jesús-Viera</u>, 655 F.3d 52, 57 (1st Cir. 2011), <u>cert. denied</u>, 132 S. Ct. 1045 (2012); <u>Sch. Union No. 37 v. United Nat'l Ins. Co.</u>, 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____

Landya McCafferty
United States Magistrate Judge

March 18, 2013

cc:  Michael J. McKellar, pro se

LBM:jba